IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TAMMY FERGUSON, *et al.*, )
)
      Plaintiffs, )
)
v. ) Case No. CIV-09-1383-D
)
KEARAWOOD APARTMENTS, *et al.*, )
)
      Defendants. )

# O R D E R

The matter before the Court is the Motion of Jerry J. Dunlap II to Enforce Attorneys' Lien [Doc. No. 17], which is opposed by all parties. The Motion is fully briefed and at issue.[1]

Mr. Dunlap appeared as counsel for Plaintiffs Tammy Ferguson, Robert Ferguson, and A.F., a minor child, in this case, but withdrew from the representation on April 20, 2010.[2] The parties subsequently reached a settlement and compromise of Plaintiffs' claims, and the Court approved the settlement, ordered a trust for the minor, and dismissed the case with prejudice on September 10, 2010. Mr. Dunlap now seeks payment of $16,666.66, or one-third of the amount paid to Plaintiffs' attorneys of record, Deborah E. Fortune and Stephanie Younge with Fortune Law Center. *See* Order Approving Settlement [Doc. No. 13] at 2-3; Corrected Order for Trust [Doc. No. 24]. However, Mr. Dunlap seeks payment from Defendant pursuant to lien statutes, Okla. Stat. tit. 5, §§ 6 and 8, based on the attorney's lien endorsement on Plaintiffs' initial pleading. *See* Petition [Doc. No. 1-1] at 4.

---

[1] The following briefs have been considered: Defendant's Response [Doc. No. 21]; Plaintiffs' Response [Doc. No. 26]; Mr. Dunlap's Reply to Defendant's Response [Doc. No. 28]; and Mr. Dunlap's Reply to Plaintiffs' Response [Doc. No. 31]. A surreply brief filed in violation of LCvR7.1(i), Plaintiffs' Response to New Matter [Doc. No. 30], is disregarded.

[2] Mr. Dunlap entered his appearance in state court when the case was filed and, after removal, filed an entry of appearance in this Court on January 26, 2010.

Defendant's position is that any lien of Mr. Dunlap based on his association with Plaintiffs' attorneys or their law firm was extinguished upon Defendants' payment of the full amount of fees approved by the Court to Ms. Fortune, Ms. Younge, and Fortune Law Center. Defendant notes that Mr. Dunlap admits he first notified Defendant of a claim to a share of the proceeds only after the settlement had been concluded and Defendant had made the approved payment. In reply, Mr. Dunlap accuses the attorneys for Plaintiffs and Defendant of "collusion and agreement" to deprive him of payment. *See* Reply Brief [Doc. Nos. 28], ¶ 3. This accusation lacks factual support and is rejected. It is based solely on a failure of Defendant's counsel to confirm directly with Mr. Dunlap the accuracy of a representation allegedly made by Plaintiffs' counsel that Mr. Dunlap's lien had been resolved and his name did not need to appear on the settlement check. *See id*. Mr. Dunlap does not explain why Defendant's attorney would have any reason to doubt the accuracy of such a representation, if one was made.

Plaintiffs' position is that the Fortune Law Center is not a law firm and Mr. Dunlap has no right to the payment sought. Plaintiffs state they never hired Mr. Dunlap to represent them in this matter. This statement is supported by Plaintiffs' affidavit and copies of (a) their written contract with Ms. Younge and Ms. Fortune and (b) a letter dated April 12, 2010, from Plaintiffs to Mr. Dunlap directing him to withdraw from the case. Plaintiffs argue that, if anything, Mr. Dunlap has a claim against Ms. Younge and Ms. Fortune to be paid for work he did to assist them, but that he has no lien on Plaintiffs' cause of action under Okla. Stat. tit. 5, § 6, and, thus, no right to share in Plaintiffs' recovery or to assert a claim against Defendant for nonpayment. In reply, Mr. Dunlap repeats his unsupported allegation of collusion between the attorneys against him, and he submits a copy of papers that allegedly contain handwritten notes regarding his work on the case.

Also in reply to all parties, Mr. Dunlap asserts a right to payment based on a document that suggests the existence of an agreement between himself, Ms. Fortune, and Ms. Younge to share equally in the proceeds of certain personal injury cases. The Court finds, as a matter of law, that this document is insufficient to create an attorney's lien in favor of Mr. Dunlap on Plaintiffs' settlement proceeds and, thus, to entitle Mr. Dunlap to obtain an additional payment from Defendant.

Mr. Dunlap relies on two lien statutes as authority for enforcing an attorney's lien on Plaintiffs' cause of action, Okla. Stat. tit. 5, §§ 6 and 8. Section 6 provides for attachment and perfection of an attorney's lien, and Section 8 provides for enforcement. Both presuppose an employment agreement between the attorney and the client authorizing the representation. Mr. Dunlap provides no evidence that he had a representation agreement with Plaintiffs. Nor does he dispute Plaintiffs' evidence that he was not retained to represent them but entered an appearance in the case solely to assist Ms. Fortune and Ms. Younge. This fact, which the Court accepts as true, defeats Mr. Dunlap's lien claim.

It is well-settled that an enforceable attorney's lien requires a valid employment contract between the client and the attorney. *See*, *e.g.*, *Opperud v. Bussey*, 46 P.2d 319, 325 (Okla. 1935) (affirming order vacating lien because contingent fee contract was void); *Lashley v. Moore*, 240 P.2d 704, 707-08 (Okla. 1925) (attorney stated claim against defendant for procuring deed to land that was subject to attorney's lien based on valid contract). The general rule is that, "in order to assert a valid attorney's charging lien, there must be an agreement between client and counsel, either express or implied, that the attorney's fee would be paid from any recovery in the case." *Democratic Central Comm. v. Washington Metro. Area Transit Comm'n*, 941 F.2d 1217, 1220 (D.C. Cir. 1991) (citing 7A C.J.S. *Attorney & Client* § 361, at 721; 7 Am. Jur. 2d *Attorneys at Law* § 324, at 337). This basic principle has led other jurisdictions to hold that an associate counsel, who has

no agreement with the client to receive payment from the judgment, has no attorney's lien. *See Democratic Central Comm.*, 941 F.2d at 1219-20. The Court is confident the Oklahoma Supreme Court would follow this rule.

Further, pursuant to Oklahoma's charging lien statute, Okla. Stat. tit. 5, § 6, "an attorney may have a valid lien on a client's cause of action which will attach to the client's judgment or recovery when he or she has commenced an affirmative action for the client and endorsed the words 'lien claimed' on the petition or counterclaim, or has given written notice to the adverse party or has entered a lien claim in the judgment docket." *Mehdipour v. Holland*, 177 P.3d 544, 549 (Okla. 2007). In this case, Mr. Dunlap has not demonstrated that he did any of these things. Mr. Dunlap did not commence this action on behalf of Plaintiffs; it was commenced by a petition signed only by Ms. Younge. Nor did Mr. Dunlap at any time give written notice of a separate lien, apart from the one claimed by Ms. Younge. Accordingly, the Court finds no basis for Mr. Dunlap to assert his own personal lien claim against Defendant in this case.

IT IS THEREFORE ORDERED that the Motion of Jerry J. Dunlap II to Enforce Attorneys' Lien [Doc. No. 17] is DENIED.

IT IS SO ORDERED this 22nd day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE